# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 11-170** |
| | ) | |
| **KEIR AKI WALKER** | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Keir Ali Walker requested appointment of counsel in this case on August 11, 2011. The Federal Public Defender was appointed to represent Mr. Johnson; specifically, Assistant Federal Public Defender Thomas Livingston. Mr. Walker has now filed a Motion to Appoint New Counsel, to Dismiss his Attorney, and to file certain pretrial motions, with brief in support. ECF Nos. 44 & 45.

Because Mr. Walker dot not have the right to counsel of his own choosing we will deny his motion for appointment of new counsel and to dismiss his attorney. A defendant is guaranteed the right to counsel by the Sixth Amendment. Gideon v. Wainwright, 372 U.S. 335, (1963). However, the "right to counsel does not include more than the right to representation by competent counsel at trial." Siers v. Ryan, 773 F.2d 37, 44 (3rd Cir. 1985). An indigent defendant who requests appointed counsel does not have an absolute right to appointed counsel of his own choosing. Id., citing Davis v. Stamler, 650 F.2d 477, 479-80 (3d Cir.1981). In addition, "there is no corollary right to have any special rapport or even confidence in the court-appointed counsel." Id., citing Morris v. Slappy, 461 U.S. 1, 13-14 (1983). The Supreme Court explicitly "reject[ed] the claim that the Sixth Amendment

guarantees a 'meaningful relationship' between an accused and his counsel." <u>Morris</u>, 461 U.S. at 14.

We will also dismiss Mr. Walker's motion to file pretrial motions. A defendant has the right to represent himself, but he does not have the right to appear partly by himself and partly by counsel. <u>United States v. Daniela</u>, 572 F.2d 535, 540 (5th Cir. 1978); *see also* <u>United States v. Halbert</u>, 640 F.2d 1000, 1009 (9th Cir.1981); <u>Hall v. Dorsey</u>, 534 F.Supp. 507, 508 (E.D.Pa.1982). <u>United States v. Swinney</u>, 970 F.2d 494 (8th Cir. 1992); <u>Cross v. United States</u>, 893 F.2d 1287, 1291-1292 (11th Cir. 1990). Accordingly, we will dismiss Mr. Walker's pro se Motion based on the fact that Mr. Walker has appointed counsel.

Accordingly, the following Order is entered.

AND NOW, this __*15*__ day of November, 2012, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. Defendant's Motion to Appoint New Counsel be and hereby is DENIED.

2. Defendant's Motion to Dismiss Attorney be and hereby is DENIED.

3. Defendant's Motion to File Pretrial Motions is hereby DISMISSED on the grounds that Mr. Walker has appointed counsel.

Maurice B. Cohill, Jr.
Senior District Court Judge